MR. JUSTICE WEBER,
specially concurring: I agree with the conclusion in the majority opinion that the closing argument on the part of the prosecution is a sufficient basis to require reversal and a new trial. However, I do not agree with other portions of the opinion.
Section 46-15-301(2), MCA, requires that a defendant furnish to the prosecution a statement of intention to interpose the defense of justifiable use of force (formerly self-defense) and:
“(b) if the defendant intends to interpose any of these defenses, he shall also furnish to the prosecution and file with the clerk of the court the names and addresses of all witnesses other than the defendant to be called by the defense in support thereof . . .” (emphasis added)
The District Court pointed out that the attorney for the defendant on November 6 filed a notice of intent to rely on the defense of self-defense which did not contain the names of witnesses.
The two attorneys disagree on whether or not the names of the witnesses were actually furnished. Following are pertinent portions of the discussion by counsel before the Dis *8 trict Court:
“MR. MILLER [deputy county attorney]: Your Honor, at this time I would like to file with the Court the Motion in Limine which I have drafted requesting that the Court enter an Order in Limine restricting the defendants from calling any witnesses other than Mr. Keller in support of his defense of self defense, 66
“THE COURT: You better sign it. You say he refused despite a demand to do so. When did you make a demand?
“MR. MILLER: On Friday afternoon, or rather Friday morning on the 13th of November. [Trial commenced on November 16.] Mr. Engel informed me that he may have a couple of witnesses, a couple of other witnesses to testify, and I asked him at that time to identify them, and he would not do so, Your Honor.
“THE COURT: What did he say?
“MR. MILLER: He said that he would not identify the witnesses; that he did not have to.
“THE COURT: Did you cite the law to him?
“MR. MILLER: I did, Your Honor. He maintained that the witnesses were to testify to a prior inconsistent statement by the victim which argument I believe is speechless, Your Honor, since the inconsistent statement, if it were in fact, goes directly to the issue as to who was the first aggressor. That is the heart of the claim of self defense. We have not had the opportunity to discover those witnesses. I believe I heard those witnesses for the first time only during the testimony this morning.
“THE COURT: Why didn’t you [Mr. Engel] tell him who they were?
“MR. ENGEL: I did tell him on Friday morning who they were.
“MR. MILLER: Your Honor, that’s not the fact.
“MR. ENGEL: I had two conversations with you, Mr. Miller, one down in your office at which time I felt that it *9 was unnecessary to advise you of the witnesses, but after you dismissed the charge, I told you that the two witnesses were Dave Cote and Rick McGinnis.
“MR. MILLER: I respectfully state that that is not the case, Your Honor.
“MR. ENGEL: You weren’t listening then.
“MR. MILLER: The first time I have heard those names was in testimony today.
“THE COURT: The Court grants the Motion in Limine for the reason that on the 6th of November, Mr. Engel filed a notice of intent to rely on the defense of self defense. He dated that notice the 4th of November, indicating that he was going to rely on self defense, and he has failed, neglected and refused to provide the State with the names of the witnesses as described by statute.”
It is true that defense counsel argued that the last sentence of section 46-15-301, MCA, which states “This subsection does not apply to rebuttal witnesses,” is applicable here. As pointed out in the majority opinion, defense counsel argued that a non-incident impeachment witness does not fall within the ambit of the notice statute.
However, the key factor is that the defendant’s attorney had the names and addresses of the two witnesses whose testimony would bear significantly upon the question of whether or not the defendant was the first aggressor. Clearly, that relates to justifiable use of force (formerly self-defense). Under the statute the names and addresses of the witnesses should have been furnished to the prosecution at the time of the filing of the notice of self-defense even though the witnesses might be technically classed as rebuttal witnesses, because the essence of their testimony is “in support” of the defense of self-defense. Section 46-15-301, MCA, requires good faith disclosure on the part of both defendant’s attorney and the prosecution. Such good faith disclosure was not made by defense counsel.